IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT MATT, JR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:01CV01474 AGF ) |
| MIKE KEMNA, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This habeas action filed pursuant to 28 U.S.C. § 2254 is before the Court on Respondent's motion to alter or amend the judgment granting Petitioner habeas relief on one of his convictions, and on Petitioner's motion for reconsideration of the denial of his motion for leave to file a traverse out of time.[1] Upon review of the record, the Court will grant Respondent's motion and deny Petitioner's motion, with the exception that a certificate of appealability shall issue as to Petitioner's habeas claims.

## BACKGROUND

Petitioner was convicted by a jury in the Circuit Court of Pike County, Missouri, of one count of burglary in the second degree and one count of receiving stolen property. He was sentenced on March 1, 1996, as a prior and persistent offender to two concurrent terms of ten years' imprisonment. The evidence at trial, viewed in the light most favorable to the state, established that Petitioner broke into an engine repair shop and

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate, pursuant to 28 U.S.C. § 636(c).

stole several chain saws, some power tools, and cash. From the shop, he brought the stolen items to a friend's house across the street, hid them in the basement without his friend's knowledge, and drove to his home about three hours away. When Petitioner's friend discovered the stolen items in his basement two days later, he called the police and cooperated with them in getting Petitioner to make incriminating statements over the telephone. The incriminating conversations were taped and played for the jury. The police staked out the friend's house hoping that Petitioner would return and retrieve the stolen items, but after two days passed and Petitioner did not show up, the police went and arrested him.

The burglary conviction was based upon Petitioner's entering the repair shop unlawfully for the purpose of committing stealing therein. By Order dated September 30, 2004, this Court concluded that Petitioner was not entitled to habeas relief with regard to the burglary conviction, which Petitioner had challenged on the ground of insufficient evidence. The Court held, however, that there was insufficient evidence to also support the conviction for receiving the same stolen property, and that Petitioner's direct appeal counsel rendered ineffective assistance in failing to challenge this conviction on this ground. Specifically, the Court held that under Missouri law, the crime of receiving stolen property was a two-party crime.

## RESPONDENT'S MOTION TO ALTER OR AMEND THE JUDGMENT

Respondent argues that this Court erred in its application of Missouri law to the facts of this case. Missouri Revised Statutes § 560.080 provides that a person "commits

the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." To convict a person for retaining stolen property, the state must show that "(1) defendant retained the property that was stolen; (2) defendant exercised dominion over the property by retaining it; (3) defendant knew or believed that the property was stolen; and (4) defendant intended to deprive the owner of a lawful interest in the property." State v. Langdon, 110 S.W.3d 807, 812 (Mo. 2003) (en banc).

Here, Count II of the amended information charged that Petitioner "in violation of Section 570.080, RSMo, committed the class C felony of receiving stolen property . . . in that on or about the 16th day of January, 1995, . . . [he], with the purpose to deprive the owner of chain saws and money, kept such property . . . knowing or believing that it had been stolen." Resp. Ex. B at 18. The verdict director on Count II directed the jury to find Petitioner guilty of "receiving stolen property" if they believed that Petitioner "retained chain saws and money" that Petitioner knew had been stolen, and that he "retained the property for the purpose of withholding it from the owner permanently." Resp. Ex. A at 30. The next instruction defined "receiving" as "acquiring possession, control, or title or lending on the security of the property." Id. at 31. No other term in the verdict director was defined.

In support of its holding that there was no evidence to support the conviction of receiving stolen property, this Court noted that the Missouri Court of Appeals stated as follows in considering Petitioner's appeal from the denial of post-conviction relief:

> The trial court, the prosecutor, and the defendant did not question the applicability of the charge of receiving stolen property to the facts offered in support of the charges. The evidence supported a finding that defendant burglarized and stole items alleged in the information. It would not support a finding that someone else had stolen personal property and transferred it to defendant. In opening and closing statement, the prosecuting attorney argued that defendant was the thief. On the direct appeal defendant did not question the sufficiency of proof of the charged crime of receiving stolen property. However, we have held that receiving stolen property is a two-party crime. State v. Price, [State v. Price, 980 S.W.2d 143 (Mo. Ct. App. 1998)]; State v. Lindsey, 868 S.W.2d 114, 116 (Mo. App. W.D. 1993). This issue was not presented to this court on the direct appeal and is not before us.

Resp. Ex. M. at 2.

Respondent now argues that while the evidence may not have supported a conviction for "receiving" stolen property, it did support a conviction for "retaining" stolen property, and that thus the grant of habeas relief on Count II should be altered. Respondent also notes that being convicted and sentenced for both burglary and retaining stolen goods did not violate double jeopardy.

Although this Court is hesitant to second-guess the Missouri Court of Appeals on a matter of state law, the above-quoted conclusion of the state appellate court was dicta and was not made upon a fully developed argument presented by the parties. Upon reconsideration, this Court concludes that had Petitioner's direct appeal counsel raised the issue on appeal, the Missouri Court of Appeals would have rejected Petitioner's claim.

4

The charge in the amended indictment and as set forth in the verdict director was sufficient to cover the crime under Missouri law of retaining stolen goods, and the evidence was sufficient to support a conviction of this crime.

Furthermore, the Court is satisfied that a double jeopardy violation has not been established. In Missouri v. Hunter, 459 U.S. 359, 366 (1983), the Supreme Court explained that the double jeopardy clause bars multiple punishment for a single offense in one proceeding only when the legislature did not intend cumulative punishment. When the same act violates two distinct statutory provisions, whether the legislature intended to create two separately punishable offenses or one is determined by the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932): whether each statute requires proof of an additional fact which the other does not. The Blockburger rule is not controlling only where there is clear indication of a contrary legislative intent. Hunter, 459 U.S. at 368; (being sentenced for both first-degreerobbery and armed criminal action did not violate double jeopardy where convictions arose out of same occurrence, because Missouri legislature intended that punishment for violations of statutes proscribing first-degree robbery and armed criminal action be cumulative); Ball v. U.S., 470 U.S. 856, 865 (1985) (Congress did not intend a felon to be convicted of both receiving a firearm in violation of one statute and possessing that firearm in violation of another statute; district court must vacate one of the sentences); United States v. Bass, 794 F.2d 1305, 1308-09 (8th Cir. 1986) (offenses of transporting stolen firearms in interstate commerce and of being felon in possession of firearm each require proof of additional fact which the other

does not, so as to be separate offenses, and, thus, conviction on separate charges for each offense arising from possession and transportation of same weapons did not violate the double jeopardy clause).

Here, burglary and receiving (retaining) stolen goods each requires proof of an additional fact which the other does not. In the absence of evidence that the Missouri legislature did not intend separate punishment for burglary and the offense the burglar intended to commit after the unlawful entry, this Court cannot say that Petitioner's double jeopardy rights were violated.

## **PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner initiated the present federal habeas action on September 14, 2001. On November 8, 2001, Respondent filed its response to an order to show cause why habeas relief should not be granted. Respondent argued, among other things, that several of Petitioner's claims had been procedurally defaulted in state court and thus, were not properly before this Court. Petitioner did not file a traverse.

On September 30, 2004, literally hours before the Court signed its Memorandum and Order and Judgment in the case, recently-retained counsel for Petitioner filed a motion [Doc. #10] for leave to file a traverse out of time. Counsel stated that he anticipated that a traverse would assist the Court in resolving the issues before it. Counsel did not specify what arguments would be presented in such a traverse. On October 1, 2004, the Court denied this motion. On October 12, 2004, Petitioner filed the present motion asking the Court to reconsider this denial.

6

Counsel for Petitioner maintains that Petitioner is asserting actual innocence of the crimes charged and ineffective assistance of trial and direct appeal counsel "so extreme as to result in manifest injustice." These claims are based upon Petitioner's asserted alibi and the asserted unreliability of the tape recording which was key evidence against Petitioner. Counsel represents that he has recovered some of Petitioner's papers related to the case which demonstrate that Petitioner tried to raise these claims pro se in state court after his attorneys failed to do so. Counsel has submitted these documents.

This case indeed presents troubling issues with regard to the identity of the perpetrator and the taped conversations, as is reflected in the Court's September 30, 2004 Memorandum and Order. The documents now submitted to the Court, however, do not constitute newly discovered evidence. Given the procedural history of this case and the need for finality of judgments, the Court concludes that the motion for reconsideration must be denied. The Court, however, will amend its Memorandum and Order of September 30, 2004, to grant a certificate of appealability as to all claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to alter or amend the judgment is **GRANTED**. [Doc. #13]

**IT IS FURTHER ORDERED** that this Court's Order and Judgment dated September 30, 2004, are **AMENDED** to provide that habeas relief is denied with respect to Petitioner's conviction for receiving (retaining) stolen goods.

7

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration is **DENIED**. [Doc. #14]

**IT IS FURTHER ORDERED** that this Court's Memorandum and Order dated September 30, 2004, is amended to grant Petitioner a certificate of appealability on all claims.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 24th day of May, 2005.